Donahue, J.
In the disposition of this case, it is hardly necessary to determine whether the probate court, or the common pleas court on appeal, had jurisdiction to order and direct the executor of the will of Nancy Maxon Gilman to pay out of her estate to the administrator of Hiram Maxon’s estate sufficient money to pay the debts of that estate and the costs of administration. It is undoubtedly true that Section 10783, General Code, does confer upon the probate court the right *421 to determine the equities between the parties, yet, in the absence of the creditors of the estate of Nancy Maxon Gilman, it would be impossible to say that such an order would not materially prejudice their rights. At all events, it is not the proper way in which to compel her estate to pay over to her successor in trust as executrix of the will of Hiram Maxon, deceased, the money she received in such trust capacity.
Nor is it important to determine whether the demurrers to the several separate answers of the defendants should have been sustained. The record here does not show that Charles W. White, as administrator de bonis non with the will annexed of Hiram Maxon, deceased, is entitled to an order to sell this real estate to pay debts of his testator. He does aver in his petition that the personal estate and effects of said testator “is but - dollars, being wholly insufficient to pay the debts and costs aforesaid.” Conceding that this is an averment that there is no personal property whatever, yet the admitted facts in this case positively show that such an averment is not true. On the contrary, it does appear that some personal estate came into the possession of Nancy Maxon, for which she has not accounted. It further appears that the real estate of which Hiram Maxon died seized was sold by her and the proceeds of such sale came into the possession of the executrix of his last will and testament, and these proceeds have not been applied to the payment of the debts of the estate and no account has been filed thereof.
*422 It is not the law of this state that the sole devisee of lands, who is also executrix of the last will and testament of a testator, can sell the land of which the testator died seized, pocket the proceeds and render no account thereof.
It is true that the record discloses no moral turpitude on the part of Nancy Maxon Gilman. She, undoubtedly, honestly believed that the debts were all paid, and that, being the sole devisee of the lands, she was entitled to deal with them as her own in her individual capacity and not in her trust capacity. But the fact now appears that the debts were not all paid, and that she was not entitled to this land, or the proceeds thereof, until the debts were paid. So that the rule of law is just the same as if she had purposely sought to obtain the property of this estate, under the will of her deceased husband, without paying his debts.
The will of Hiram Maxon devised all of his estate, personal and real, to his widow, Nancy Maxon, absolutely and in fee simple. This, of course, was necessarily subject to the payment of all his debts. Nancy Maxon was appointed executrix, but it does not appear that she ever performed any of the duties of this trust or ever paid any of these debts. It certainly does appear that she did not pay this debt or provide for its payment out of the estate of her testator. That she undertook to sell and dispose of this land as devisee thereof and not as executrix, does not release her from accounting for the proceeds thereof. If there was not sufficient personal property to pay all the debts of Hiram Maxon, in- *423 eluding the indebtedness later discovered, then this land became subject to the payment thereof, and the purchase money that came into her hands was charged with a trust for that purpose. She cannot now, nor can her representatives, be heard to say that she received this purchase price in a personal capacity, for the presumption of law is that she received it properly and legitimately and should render an account thereof. She was entitled to receive as legatee and devisee only the excess over and above the debts owing by Hiram Maxon at the time of his decease; and before that could be ascertained she must file an account of her stewardship. She was entitled to take immediate possession of this real estate and to use and occupy the same as her own until it should be called upon to pay the debts of the estate. Occupying the dual capacity of executrix of the will of her husband, and sole devisee of that will, when she undertook to sell and convey that property, she must be held to have received the proceeds thereof as executrix and not as devisee, and she must account for it as such. The creditors of that estate are entitled to the application of that fund to the payment of their claims against the estate, and if she accounts as such executrix for the amount actually received therefor, or, in case that was not the full value of the land, then for the full value thereof, the creditors have received therefrom all they are entitled to receive.
In the absence of evidence to the contrary, and in view of the finding of the common pleas and probate court, the original appraised value of this *424 real estate was then and there the full value thereof. True, if she received anything over and above this appraisement, she must account for it, but if she received less therefor at private sale, she must nevertheless account for the full amount of the appraisement. For the payment of this, not only her personal estate but her sureties upon her bond as executrix, if any, must respond.
It is not now important, nor even pertinent, to a discussion of the question involved here as to what may be the remedy, if any, of the creditors of the estate of Hiram Maxon in case his estate is unable to recover from the estate of Nancy Maxon Gilman, the amount of the personal property and the proceeds of the sale of the real estate that came into her hands while she was acting in a trust capacity as executrix of the will of Hiram Maxon. Nor is it important that in case it should be found that the creditors would still have the right to compel a sale of this land for the satisfaction of their debts, whether equity would subject the lands to the payment of these debts in the inverse order of their sale, as in other cases of liens. It does not now appear that these questions will ever arise in this case, and, if they do, it will be time enough to dispose of them when they are properly presented.
The first duty of this administrator de bonis non with the will annexed of Hiram Maxon, deceased, is to compel an accounting by the executor of Nancy Maxon Gilman of the administration of her trust as executrix of the will of Hiram Maxon, deceased. It now appears that when he has done *425 this, there will be ample funds in his hands for the payment of all the debts of his estate. This administrator de bonis non succeeds to the trust of Nancy Maxon Gilman, executrix of the last will and testament of Hiram Maxon, deceased. He is in no different position and has no further rights than the original trustee, except the right to compel the executor of the will of the original trustee to file an account and pay over any funds received by her and unadministered. If she were still living and still executrix, how could she maintain a suit of this character? Upon the facts presented in this answer and admitted by the demurrer, she would be promptly ordered to apply the money already received from the proceeds of the sale of this land to the payment of her testator’s debts. She would not be permitted to appropriate the proceeds of the sale of this real estate to her own use, as devisee, until all the debts were paid, and any contention upon her part that, because she had sold the land in her individual capacity, as devisee, instead of in her trust capacity as executrix, she would not be required to account for the proceeds as executrix, would be too absurd for argument, and counsel would hardly make such contention. Of course, if the devisee and the executrix were different persons, then this plaintiff might well make the contention that the proceeds of the land had never been received by the executrix, but where they are one and the same person, the law will not permit the executrix to say that she failed in her duty or violated her trust by appropriating to herself, as *426 devisee, the proceeds of the sale of this land before she had paid and satisfied all debts and costs of administration.. The same reasoning applies to her successor in trust. The allegation in this petition that there are no funds with which to pay these debts is not sustained by proof that ample funds for that purpose came into the hands of his predecessor in the trust for which that predecessor has not accounted.
In contemplation of law, these funds are still in her possession, as executrix, or rather in the possession of her personal representative, to be accounted for and turned over to her successor in the trust. If she has actually appropriated them to her own use, then her estate must restore the trust fund, and it is the duty of this administrator de bonis non to see that that is promptly done. The executor of her will should file an account of her administration of her husband’s, estate, and, in that account, she must be charged not only with the personal property that came into her possession, but with such sums as she received from the sale of this real estate, allowing to her estate proper credit for payments made by her, as such executrix, on behalf of said estate, and he must pay over to the administrator de bonis non the balance found due from her, as executrix, to the estate of Hiram Maxon, or' at least sufficient thereof to pay all debts and costs of administration. Anything over and above that amount, her estate would be entitled to receive under the will of Hiram Maxon, deceased. If the executor of her will fails and neglects to do this, then it is the *427 duty of the administrator de bonis non to file a motion in probate court to compel this accounting.
This disposes of all the questions necessary to a determination of this case. The probate court and the common pleas court erred in granting the prayer of this petition and ordering the sale of this real estate to pay the debts of the estate of Hiram Maxon, deceased, and the circuit court erred in affirming the judgment of the common pleas court. Upon the admitted facts, the petition should have been dismissed and the administrator de bonis non required to proceed against the personal representative of his predecessor in trust to compel an accounting and payment to him of any balance in her hands as such trustee.
The judgment of the common pleas court, ordering the sale of these lands, and the judgment of the circuit court affirming that judgment, are reversed, and the petition of the administrator de bonis non with the will annexed of Hiram Maxon, deceased, is dismissed without prejudice.
Jtidgment reversed and judgment for plaintiff in error. 0
Shauck, C. J., Johnson, Wanamaker, Newman and Wilkin, JJ., concur.